IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ALFRED SMITH, JR.,

                Plaintiff,

      v.

RONALD K. MALONE,

                Defendant.

OPINION and ORDER

17-cv-963-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff James Alfred Smith, Jr. is an inmate incarcerated by the Wisconsin Department of Corrections at the Milwaukee Secure Detention Facility. He filed this proposed civil action under 42 U.S.C. § 1983, contending that defendant Ronald K. Malone has violated his constitutional rights. Plaintiff has not yet paid the filing fee, but I assume this is because he cannot afford to do so, as he was found indigent in two recently filed cases, Smith v. Pollard, 16-cv-9-slc, dkt. #6 (filed Jan. 6, 2016), and Smith v. Pollard, 16-cv-10-slc, dkt. #6 (filed Jan. 6, 2016).

      As plaintiff is aware from his previous § 1983 actions, any civil action against government officials filed by plaintiff while he is incarcerated is governed by the Prison Litigation Reform Act, which imposes certain conditions on the privilege of proceeding without paying the filing fee. In particular, under the "three-strikes rule" found at 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action in federal court without first paying the fee, if three or more of his civil actions or appeals have already been dismissed as

1

frivolous, malicious, or for failure to state a claim upon which relief may be granted. The sole exception to the three-strikes rule is a provision allowing a plaintiff to file if his pleadings showing that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Court records confirm that plaintiff has filed at least three previous civil actions while imprisoned that were dismissed because they were frivolous or because they failed to state a claim. Smith v. Frank, 03-cv-414 (E.D. Wis.) (dismissed for failure to state a claim); Smith v. Frank, 04-cv-489 (E.D. Wis.) (dismissed as frivolous); Smith v. Frank, 05-cv-476 (E.D. Wis.) (dismissed as frivolous). Consequently, plaintiff may not proceed with this action without paying the fees due under 28 U.S.C. § 1915(g), unless he can show that he is subject to imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. Ciarpaglini, 352 F.3d at 330 (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)).

After reviewing plaintiff's complaint, I conclude that he may not proceed at this time because his complaint does not allege that he is in imminent danger. In fact, his complaint is too vague to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. Therefore, I am dismissing his complaint and giving him an opportunity to file an amended

complaint that explains his claims more clearly.

## OPINION

Plaintiff acknowledges in his complaint that he must plead facts supporting a finding that he is imminent danger of serious physical injury if he is to be allowed to proceed. Nonetheless, he has failed to do so. Plaintiff's complaint is difficult to follow. He includes numerous allegations about retaliation, health care, physical and sexual assaults, conspiracies, entrapment, unlawful revocation of his extended supervision and violations of his right to equal protection and due process. His allegations are vague and confusing, and it is unclear whether and to what extent he is saying that he is still subject to retaliation, denied medical care or otherwise being harmed. For example, plaintiff includes allegations about things that happened years ago, while he was on extended supervision and while at different institutions, and I can see no way in which these allegations would be relevant to a claim of imminent danger. Moreover, plaintiff does not clearly connect a claim of imminent danger to his allegations involving defendant Warden Ronald Malone, the only person named as a defendant in the caption of plaintiff's complaint. In short, plaintiff has not clearly identified any "genuine emergency" or a "real and proximate" threat of serious harm sufficient to permit him to proceed under § 1915(g). Heimermann, 337 F.3d at 782.

Plaintiff has not shown that he is in imminent danger, so that he could proceed without paying a filing fee despite having previously brought three suits that were found to be frivolous. Ordinarily at this stage I would instruct him to submit the $400 filing fee so

3

his complaint could be screened under § 1915A. However, because plaintiff's allegations are so confusing and vague, I would have to dismiss his complaint immediately under Federal Rule of Civil Procedure 8 even if he submitted the $400 filing fee.

Under Rule 8, plaintiff is required to provide fair notice of his claims to each defendant and set out claims that are plausible on their face. Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 622 (7th Cir. 2012); Bausch v. Stryker Corp., 630 F.3d 546, 559 (7th Cir. 2010). Plaintiff's allegations are too confusing and vague to provide fair notice of his claims against defendant Malone. Many of his allegations appear unrelated to each other and do not appear to involve Malone at all. He includes many conclusory statements and legal conclusions, but does not clearly explain what he thinks Malone has done to violate his constitutional rights.

Rather than give plaintiff the opportunity to pay the full filing fee, I will give him an opportunity to file an amended complaint that provides fair notice to defendant of the claims he is asserting. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

(1) What is the specific harm about which plaintiff is complaining?

(2) When did the harm occur and who caused it?

(3) Why does plaintiff believe defendant Malone is responsible for plaintiff's harm? In other words, what did defendant Malone in particular do that makes him liable for violating plaintiff's constitutional rights?

4

(4) Why does plaintiff believe he is in imminent danger of serious physical injury?

(5) How does he think the court can help him?

Plaintiff should set forth his allegations in separate, numbered paragraphs using short, plain and double-spaced sentences. He should eliminate any information that is not related to his specific claims against defendant Malone. In particular, plaintiff should avoid including allegations about harm he suffered at previous institutions or while on extended supervision, unfairness at his revocation proceeding or at other state court proceedings or complaints about how this court has handled his prior lawsuits. I cannot perceive of any reason why such allegations would be relevant to a claim against Warden Malone.

After plaintiff finishes drafting his complaint, he should review the complaint and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

If plaintiff submits an amended complaint by the deadline set forth below, I will review it. If he does not submit an amended complaint or show good cause why he is unable to do so, I will dismiss the case because plaintiff has failed to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff James Alfred Smith, Jr. is DENIED leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), and his complaint is DISMISSED under Fed. R. Civ. P. 8. Plaintiff may have until March 5, 2018, to file an amended complaint that

complies with Fed. R. Civ. P. 8 as explained above.

Entered this 13th day of February, 2018.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge